TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAVID H. CHAO (Cal. Bar No. 273953)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4586
     Facsimile: (213) 894-0141
     E-mail:    david.chao@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:21-cr-00124-AB |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT PETER BURNS |
| v. | |
| PETER BURNS, | Sentencing: March 30, 2022 at 2:30 p.m. |
| Defendant. | Location: Courtroom of the Hon. André Birotte Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David H. Chao, hereby files its sentencing position with respect to defendant Peter Burns.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities and exhibits, the Presentence Report and Recommendation Letter, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 19, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


          /s/
DAVID H. CHAO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

For almost two years, defendant Peter Burns ("defendant") abused his position of trust to steal more than $20,000 from the union he was supposed to serve.  For his crime, defendant pleaded guilty to the single-count information, which charged him with Embezzlement and Theft of Labor Union Assets, in violation of 29 U.S.C. § 501(c). (Dkt. 6, 19.)

In the Presentence Report ("PSR"), the United States Probation Office ("USPO") determined that defendant's total offense level under the United States Sentencing Guidelines (the "Guidelines" or "USSG") is 10, his criminal history category is I, and the Guidelines sentencing range is 6 to 12 months' imprisonment.  (Dkt. 23.)  The government concurs with these calculations.

For the reasons set forth below, the government recommends a sentence of two years' probation, with six months served in the USPO's home detention program, a $100 special assessment, and restitution in the amount of $24,619.92.  Based on the USPO's reporting of defendant's financial condition, the government further requests that the Court order defendant to pay restitution in monthly installments of at least $500 or 10% of defendant's gross monthly income, whichever is greater.

**II.   OFFENSE CONDUCT**[1]

Between 2016 and 2017, defendant was the financial secretary of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"),

---

[1] Unless otherwise noted, all facts stated herein are established in the PSR (Dkt. 23) and Plea Agreement (Dkt. 6).

3

Local Union 5632 ("Local 5632"), a labor organization engaged in interstate commerce and operating within the Central District of California. As an officer, defendant was permitted to submit lost time vouchers to claim reimbursement for wages that he lost from his employer because of time spent on authorized union business. Defendant was also a signatory on Local 5632's bank account along with the treasurer and president.

Defendant used his position as an officer of Local 5632 to intentionally embezzle money from Local 5632. Specifically, defendant submitted 32 lost time vouchers that either overstated the number of hours defendant spent working on Local 5632 business or included claims of lost time for dates in the future, which were hours that defendant could not have yet worked. In fact, as defendant knew, he did not lose wages to the extent claimed in those vouchers, either because he worked the scheduled shift, was not scheduled to work at all, or received paid sick leave. Defendant then caused to be drafted, and signed, checks that were issued from Local 5632's bank account to defendant based on those vouchers, and deposited the checks into bank accounts defendant controlled.

For example, on or about October 5, 2016, defendant embezzled $1,137.04 in funds belonging to Local 5632 by submitting a voucher that falsely claimed he lost 48 hours of wages on October 12-15, 2016, when, in fact, as defendant then knew, he did not lose any wages during that pay period. Defendant drafted, signed, and deposited a Local 5632 check in the amount of $1,137.04 based on that voucher.

4

In addition, defendant submitted 20 vouchers and deposited corresponding checks containing an inflated monthly salary of $250 instead of $200 as authorized in Local 5632's by laws as compensation for serving as financial secretary.  In total, defendant embezzled approximately $24,619.92 in funds belonging to Local 5632.

**III. SENTENCING GUIDELINES CALCULATION**

The USPO calculated a total offense level of 10 based on the following calculation:

| | | |
|---|---|---|
| Base Offense Level | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss greater than $15,000 but less than $40,000 | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Abuse of position of trust | +2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) |

(PSR ¶¶ 19-29.)  These calculations are consistent with the parties' stipulations in the plea agreement.  (Dkt. 6 ¶ 12.)

The USPO calculated a criminal history score of zero and a criminal history category of I.  (PSR ¶ 36-37.)  Based upon a total offense level of 10 and a criminal history category of I, the USPO calculated a Guidelines range of 6 to 12 months' imprisonment.  (PSR ¶ 77.)  As stipulated in the plea agreement, restitution in the total amount of $24,619.92 is due to Local 5632.  (Dkt. 6 ¶ 6; PSR ¶ 88.)

Where, as here, the applicable Guidelines range is in Zone B of the Sentencing Table, the minimum term may be satisfied by: (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination

5

of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment. U.S.S.G. § 5C1.1(c).

### IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION

Based on the factors set forth in 18 U.S.C. § 3553(a), and consistent with the plea agreement, the government recommends that defendant be sentenced to two years of probation, with six months served in the USPO's home detention program, and be ordered to pay a $100 special assessment and restitution in the amount of $24,619.92.

### A. The Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Provide Just Punishment Warrant a Guidelines Sentence

As the financial secretary for Local 5632, defendant was entrusted with monitoring the finances of the union. Instead, defendant decided to exploit his position and enrich himself by stealing the union's money. Defendant's actions inflicted a loss of more than $24,000 upon Local 5632.

The frequency and duration of defendant's conduct demonstrate that it was not a crime of opportunity, but of greed. For nearly two years, defendant repeatedly submitted fraudulent vouchers for reimbursement and deposited union checks that were issued to him based on those vouchers. As reflected in the more than 30 separate instances of such embezzlement, defendant's conduct was not the product of a momentary lapse in judgment, but was a calculated and sustained fraud upon the union he was supposed to serve. The deliberate nature of defendant's conduct support the recommended sentence.

### B. The Need for Deterrence Also Supports a Guidelines Sentence

A Guidelines sentence is also necessary to afford adequate deterrence to defendant and to others generally. The need for general deterrence is particularly germane given the position of trust that defendant occupied within the union. Unless potential offenders see that they will face meaningful sentences for such crimes, they will be emboldened to continue to take advantage of their unions.

### C. The History and Characteristics of Defendant Support the Government's Recommended Sentence

The government acknowledges that there are certain mitigating factors, including defendant's early acceptance of responsibility, relatively low risk of recidivism and stabilizing family relationships. While these factors mitigate the need for a custodial term of imprisonment, they do not outweigh the other goals of sentencing. A term of home detention during probation is appropriate to ensure just punishment, promote respect for the law, and provide general deterrence.

### D. Restitution Payments

The USPO recommends that defendant be ordered to pay restitution in nominal monthly payments of at least $50 or 10% of the defendant's gross monthly income, whichever is greater, during the period of probation. (USPO Rec., pp. 1-2.) However, based on defendant's self-reported financial condition, defendant has the ability to pay restitution at a monthly rate of at least $500. According to the PSR, defendant currently has unspecified monthly expenses -- characterized as "other expenses" -- totaling $1,495. (PSR at 13.) Given that these "other expenses" are not related to living

7

necessities or debts accounted for elsewhere, it is reasonable and proper to increase defendant's monthly restitution obligation to more accurately reflect his ability to pay. Accordingly, the government respectfully requests that the Court order defendant to pay restitution in monthly payments of at least $500.

**V.   CONCLUSION**

For the foregoing reasons, the government recommends the Court sentence defendant to two years of probation, with six months in home detention, and order defendant to pay a mandatory special assessment of $100 and restitution in the amount of $24,619.92 at a rate of $500 per month.